UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMONT JOSEPH,

                        Plaintiff,

                                                             Case #15-CV-6530-FPG

v.

                                                             DECISION AND ORDER

ROZELL, et al.,

                        Defendants.

       Plaintiff Jamont Joseph commenced this action on September 5, 2015. ECF No. 1. After Defendants answered the Complaint, this matter was referred to United States Magistrate Judge Jonathan W. Feldman for all pretrial proceedings. ECF No. 11. A Rule 16 scheduling conference was set for December 14, 2016. Prior to that conference and by letter dated November 7, 2016, Judge Feldman's chambers advised Plaintiff that due to his impending release from custody, he must advise the Court of his current address and phone number, and that he may request to appear by telephone for the conference. ECF No. 21-1. Plaintiff failed to appear at the December 14, 2016 conference, nor did he provide the Court with his new address or contact information. *See* ECF No. 18.

       The Court obtained an address for Plaintiff from the New York State Department of Parole, and sent him notification that the scheduling conference was rescheduled to July 12, 2017, and again reminding Plaintiff of his obligation to provide the Court with his contact information. *See* Unnumbered docket entry, dated April 26, 2017.

       Plaintiff again failed to appear for the July 12, 2017 scheduling conference, nor did Plaintiff contact the Court regarding his absence.

       As a result of Plaintiff's repeated failures to appear in Court and his failure to maintain a current address with the Court, On July 21, 2017, Defendants moved to dismiss the Complaint

under Fed. R. Civ. P. 41(b) and under L. R. Civ. P. 5.2(d). ECF No. 21. Plaintiff has not responded to the Motion in any fashion, and the last communication from Judge Feldman's chambers to Plaintiff – mailing a copy of the minute entry from his July 12, 2017 non-appearance at the scheduling conference – has also been returned to the Court by the postal service as "undeliverable." ECF No. 22.

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). While a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*,16 F.3d 482, 485 (2d Cir. 1994).

In this case, Plaintiff was duly notified of both scheduling conferences, but he failed to appear and he never contacted the Court regarding his absences. After his first non-appearance, the Plaintiff was reminded that he must provide his current contact information to the Clerk, the Court – not Plaintiff – then obtained his current address, and *sua sponte* rescheduled the conference

that Plaintiff failed to appear at.  Despite all of this, Plaintiff still failed to appear at the rescheduled conference, he did not contact the Court, and the Court does not have current contact information for Plaintiff.  Since Plaintiff has refused to appear in court to prosecute this action and has refused to provide the Clerk with his contact information, the Court cannot communicate with Plaintiff, and there is no sanction less drastic than dismissal that would be effective.

Due to the Plaintiff's failure to comply with the Court's prior orders, and because the Plaintiff has not communicated with the Court in any fashion to explain or correct his non-compliances, the Court finds that dismissal is appropriate under the facts of this case.

Defendants' Motion to Dismiss this case under Fed. R. Civ. P. 41(b) for failure to prosecute is GRANTED, and this action is hereby dismissed with prejudice.

The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: September 25, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court